[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11923
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00020-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILFRED E. WRIGHT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 13, 2018)

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Wilfred Wright appeals his 78-month sentence of imprisonment, imposed

after he pled guilty, based on a written plea agreement, to one count of possession

of child pornography, in violation of 18 U.S.C. § 2252A.   On appeal, Wright argues that a sentencing enhancement applied by the district court is unconstitutionally vague.  Specifically, he claims that the four-level increase under U.S.S.G. § 2G2.2(b)(4), for possessing material that portrays "sadistic or masochistic conduct," is void for vagueness because it denies fair notice of its scope and invites arbitrary enforcement.  The government filed a motion to dismiss Wright's appeal as barred by the sentence-appeal waiver in his plea agreement. Wright responds that the waiver does not apply because it is ambiguous.

We review the validity of a sentence-appeal waiver de novo.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  An appeal waiver will be enforced according to its terms as long as it was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Bushert*, 997 F.2d at 1351.

When interpreting plea agreements, we generally treat them like contracts and interpret them "in accord with what the parties intended."  *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005).  Absent some indication that the

2

parties intended otherwise, we give the language of the agreement its ordinary and natural meaning. *See id.* at 1334–35. We resolve any ambiguities in the agreement against the government and in favor of the defendant. *United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990).

As part of his plea agreement, Wright agreed to waive his right to appeal his sentence with a few exceptions. Specifically, he "forever waive[d] any right to an appeal or other collateral review of [his] sentence in any court, except for any claim of ineffective assistance of counsel." However, he retained the right to appeal his sentence if the court "impose[d] a sentence that exceeds the advisory guideline range," and he was released from the waiver if the government appealed his sentence.

Wright argues that the exception to the waiver for when the court "imposes a sentence that exceeds the advisory guideline range" is ambiguous. In his view, it allows challenges to whether the court correctly calculated the guideline range. In support of that interpretation, we note that the plea agreement does not clarify whether the "advisory guideline range" means the range *as determined by the district court at sentencing* or, as Wright asserts, the properly-calculated range. In addition, the district court's comments during the plea colloquy lend some support to Wright's view. The court advised Wright that he could not appeal his sentence if the court sentenced him "within the advisory guideline range called for by the

3

sentencing guidelines." That seems to leave open the possibility that Wright could argue on appeal that the district court's guideline range was not the "range called for by the sentencing guidelines."

The government responds that the language of the waiver is unambiguous when considered as a whole and that the district court specifically questioned Wright about the waiver during the plea colloquy. Further, the government argues, his appeal is still barred even under his interpretation of the waiver because his sentence did not "exceed[] the advisory guideline range" he considers to be correct.

Ultimately, however, we need not and do not decide whether Wright's sentence-appeal waiver bars his appeal. Instead, we conclude that summary affirmance is warranted because even in the absence of the appeal waiver, Wright's appeal is plainly foreclosed by binding precedent. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1163 (5th Cir. 1969) (holding that this Court has the power to summarily dispose of an appeal "on its own motion or that of a party").[1] Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Id.* at 1162.

Summary disposition is appropriate here because Wright's sentence is clearly due to be affirmed as a matter of law. As the government notes, Wright's vagueness challenge to an advisory guideline provision is squarely foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Court unambiguously held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892.

Wright's attempt to distinguish *Beckles* is wholly unavailing. He contends that because of the vagueness of U.S.S.G. § 2G2.2(b)(4), the district court at sentencing effectively treated the enhancement as mandatory, not discretionary. But in this specific case, it makes no difference how the district court applied the guideline provision because Wright challenges only the vagueness of § 2G2.2(b)(4), and the Supreme Court has held that the advisory guidelines— including § 2G2.2(b)(4)—cannot be unconstitutionally vague in any case as a matter of law. *See Beckles*, 137 S. Ct. at 894–95; *Matchett*, 802 F.3d at 1194–95.

Accordingly, we summarily affirm Wright's sentence. We therefore deny the government's motion to dismiss as moot.

**AFFIRMED; MOTION TO DISMISS DENIED AS MOOT.**